## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LESLIE R. MOADE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 03-CV-488-WDS** |
| | ) | |
| **MARATHON ASHLAND** | ) | |
| **PETROLEUM, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## O R D E R

**STIEHL, District Judge:**

Before the Court are the parties' motions in limine, to which responses have been filed.

Upon review of the record, the Court rules as follows:

**A.    Defendant's Motion in Limine (Doc. # 71).**

1. <u>Count I - Retaliatory Discharge.</u>  The Court granted summary judgment (see, Doc. #
67) in favor of the defendant on Count I of the Amended Complaint, which alleged retaliatory
discharge based upon the fact that plaintiff was going to testify in a separate unrelated asbestos
suit  brought by his sister against defendant.  Defendant claims that the issues raised in Count I
are irrelevant to the theory claimed in Count II, and moves that plaintiff, his attorney and any
witnesses be barred from making any reference to Count I and the claimed retaliation by the
defendant and all issues relating to plaintiff's sister's asbestos litigation.  Plaintiff has made no
response to defendant's motion on this ground.

Defendant's motion on this ground is **GRANTED**.

2. <u>Evidence Regarding Defendant's Disciplinary Fact-finding Process.</u>  The issues in this
case are: (1) whether a written four-step disciplinary policy found in a 1980 employee handbook

constitutes an employment contract, and whether that policy was still in effect in 2002; and (2) if so, whether defendant followed its own procedures in terminating plaintiff's employment in 2002.  Defendant asserts the plaintiff was terminated for the improper disposal of ferric chloride, and that prior to his termination, he was suspended for forwarding pornographic e-mails at work. Plaintiff disputes the propriety of the disciplinary actions taken against him.

Defendant argues that plaintiff should be precluded from putting on evidence regarding whether defendant was correct in its assessment that plaintiff improperly forwarded pornographic pictures over e-mail and improperly disposed of ferric chloride.

In response, plaintiff argues that defendant must follow its own disciplinary procedures and that under those procedures, plaintiff must be properly subject to discipline; if not, plaintiff argues, defendant breached the employment contract. Plaintiff asserts that there is a factual dispute as to whether he, from a technical standpoint, improperly disposed of the ferric chloride, and whether he was instructed or authorized by defendant to dispose of ferric chloride.  Plaintiff argues that he must be given the opportunity to explore the issue of  whether defendant believed that plaintiff improperly disposed of ferric chloride, because if not, then plaintiff's termination was a breach of contract.  The Court agrees.

Defendant's motion on this ground is **DENIED**.

3. <u>Evidence Regarding the Manner in Which Plaintiff Disposed of the Ferric Chloride.</u>
Likewise, defendant seeks to bar any testimony from its former employees to the effect that plaintiff's manner of disposing of the ferric chloride was consistent with the way ferric chloride was disposed of in years past.  Defendant argues the only reason that evidence would be introduced would be to show that defendant should not have disciplined plaintiff because his actions were consistent with prior chemical disposals.

Again, plaintiff argues that he should be allowed to show present this evidence to show

that defendant could not have reasonably believed that he improperly disposed of ferric chloride.

Defendant's motion on this ground is **DENIED**.

4.  Evidence Regarding the Discipline for the E-mail.  Defendant also argues that plaintiff should be barred from calling defendant's employee, Ajay Mattingly, in regard to the disciplinary action taken against plaintiff for sending e-mails deemed inappropriate.  Defendant anticipates that Mattingly will be called for the purpose of exploring the content of an e-mail he sent to the Human Resources department, which the plaintiff will argue implies that there was a prior, less formal, discipline guideline for disciplining employees for sending inappropriate e-mails.  Defendant argues, once again, that this is irrelevant to determining if the 1980 guidelines were followed, and that plaintiff should be barred from examining any employee about the underlying determination that plaintiff violated the e-mail policy.

In response, plaintiff sets forth the paragraph immediately following the four-step disciplinary procedure at issue.  It states:

> Unusual Circumstances:
>
> The policy of adhering to the steps above will be strictly followed. However, it is recognized that in extraordinary circumstances the gravity of the violation or performance failure may dictate that the employee warrant placement at some step other than step 1 or his normal step in the disciplinary system.  These cases must be carefully reviewed with the supervisor of employee relations and any deviation from normal progression must be approved by the division manager.

Plaintiff anticipates that defendant will argue that it was warranted in "skipping steps" due to the alleged gravity of plaintiff's e-mail violation, but that the e-mail sent by Mattingly, which indicates that similar prior first offenses did not result in discipline, indicates the contrary.  The Court agrees. Should defendant raise the defense that it was warranted in skipping steps with respect to the e-mail violation, plaintiff would then be entitled to present evidence with respect to prior discipline for similar violations.

3

Defendant's motion on this ground is **DENIED**.

5. <u>Plaintiff's Awards and Commendations.</u>  Defendant seeks to bar any evidence regarding plaintiff's awards, commendations and yearly evaluations he received during the course of his employment.  Defendant claims such commendations are irrelevant to the issue of whether defendant followed its disciplinary procedures. The Court disagrees, especially in light of defendant's argument set forth below (see, infra, Sec. B, ¶ 1) that it was appropriate to consider plaintiff's past experience in making the determination to terminate his employment.

Defendant's motion on this ground is **DENIED**.

6. <u>Damages.</u>  Defendant argues that if plaintiff should succeed on his breach of contract claim, his damages award is limited to his wage and benefits from the point of termination to the time of trial. See, *Lewis v. Loyola Univ. of Chicago*, 500 N.E.2d 47, 51 (Ill. App. Ct. 1986), and that any evidence regarding plaintiff's claimed damages should be limited up to the time of the trial date.  Plaintiff has made no response to defendant's argument.

Defendant's motion on this ground is **GRANTED**.

7. <u>Tax Implications.</u>  Defendant seeks to bar plaintiff's expert from testifying about the tax implications of any judgment he may receive.  Case law establishes that such evidence is irrelevant and inadmissible.  See, *Newlin v. Foresman*, 432 N.E.2d 319, 325 (Ill. App. Ct. 1982). Plaintiff does not dispute this assertion.

Defendant's motion on this ground is **GRANTED**.

**B.    Plaintiff's Motion in Limine (Doc. # 73)**

1. <u>Paragraphs 1, 3, 4 and 5 of the Investigative Report of Kathy Harbison.</u> Plaintiff asks that defendant be barred from mentioning the incidents set forth in paragraphs 1, 3, 4 and 5 of the Investigative Report completed by Kathy Harbison (Def.'s Ex. 9, p. 0025).  Specifically, the

4

incidents in those paragraphs led to the discipline of plaintiff; however, none of the alleged incidents resulted in plaintiff receiving discipline pursuant to the four-step process upon which plaintiff's case is based.  Therefore, plaintiff argues, those incidents are irrelevant.

In response, defendant argues that a determination as to whether termination is appropriate requires a review of all past experience and supporting documents.  Indeed, step four in the disciplinary process states: "All terminations require careful review of past experience...."  Thus, past behavior of plaintiff was appropriately reviewed under the terms of the employee handbook.

Plaintiff's motion on this ground is **DENIED.**

2. <u>E-mails.</u>  Plaintiff argues that the pornographic e-mails and any description of their contents should be barred as irrelevant and cumulative.  He asserts that he does not dispute that he sent the e-mails or that he was disciplined for doing same.  Plaintiff claims that their admission would incite jurors' prejudices regarding the content of the pictures contained therein.

In response, defendant argues that the trier of fact is entitled to know the content of the e-mails which resulted in plaintiff's one-day suspension.  It argues that it would be unfair to the defendant to have to put on evidence that plaintiff received the most severe discipline available short of termination merely for forwarding e-mails.  The Court agrees that the jury is entitled to know the basis for plaintiff's suspension, including the e-mails themselves.

Plaintiff's motion on this ground is **DENIED**.

3. <u>New Disciplinary Policies.</u>  Plaintiff argues that defendant should be barred from introducing any evidence of disciplinary policies enacted subsequent to the disciplinary policy at issue in this case (Pl.'s Ex. 1), because the Court already ruled that defendant did not pay plaintiff for any modification of the policy and therefore a new contract was not created.  In its

5

order on the motion for summary judgment, the Court did reject defendant's theory that even if the 1980 policy created a contract, the contract changed when plaintiff signed an agreement in 1998. The Court stated that it "is not persuaded by defendant's argument that plaintiff was given something of value, namely the possibility of a having a paid one-day suspension rather than an unpaid one day suspension. At a minimum, that issue is more properly decided by a jury." Accordingly, the issue of whether the 1980 handbook created a contract and whether that contract was subsequently successfully modified are issues for the jury.

Plaintiff's motion on this ground is **DENIED**.

4. <u>Relationship Between Plaintiff and Counsel.</u> Finally, plaintiff argues that it is irrelevant that counsel for plaintiff is married to plaintiff's daughter, and asks that the jury not be made aware of that relationship.

Plaintiff's motion on this ground is **GRANTED**.

## <u>CONCLUSION</u>

Accordingly, the parties' motions in limine are **GRANTED** in part and **DENIED** in part as set forth in the body of the Order. The parties are instructed to refrain from making any mention of the matters barred from evidence in the presence of the jury without first asking for leave of Court to do so.

**IT IS SO ORDERED.**

**DATED: September 16, 2005**

s/*WILLIAM D. STIEHL*
**DISTRICT JUDGE**